UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

LYITH BRANDON GILL,
Defendant.

19-CR-761-15 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Presently before the Court is defendant Lyith Brandon Gill's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 410 ("Mot.").) On July 7, 2022, Gill pleaded guilty, pursuant to an agreement with the Government, to one count of conspiring to distribute more than 280 grams of cocaine base, or "crack cocaine," as well as mixtures and substances containing a detectable amount of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B), (C), and 846. (ECF No. 387 ("PSR") ¶¶ 21, 24-25.). The guidelines range set forth in the plea agreement was 235 to 293 months' imprisonment, with a mandatory minimum term of five years' imprisonment. (PSR ¶ 25; ECF No. 442 at 7-9.) On April 21, 2023, the Court imposed a sentence of ninety months' imprisonment. (ECF No. 388; ECF No. 412 ("Gov't Mem.") at 11.) Gill is currently serving his sentence at Federal Correctional Institute, Jesup, and is scheduled to be released on or about January 13, 2027. (Gov't Mem. at 11.)

Proceeding *pro se*, Gill moves to reduce his sentence, arguing that extraordinary and compelling reasons warrant a reduction in his sentence. (Mot.) He also moves for appointment of counsel (ECF No. 411) and to supplement the record (ECF Nos. 414, 420, 423, 428). For the reasons that follow, Gill's motions for a reduction in his sentence and for appointment of counsel are denied. His unopposed motions to supplement the record are granted, and the Court considers his supplemental filings in deciding Gill's substantive motions.

## I. Background

The Court assumes familiarity with the factual background in this case. However, a brief overview of the procedural history is provided below.

On November 21, 2023, Gill filed his motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot.) Six days later, on November 27, 2023, Gill filed his motion for appointment of counsel to assist him with the pending motion. (ECF No. 411.) The Government filed its opposition on December 13, 2023. (Gov't Mem.)

From January 11 to July 29, 2024, Gill submitted four motions to supplement the record, providing the Court with updates on his progress in prison and personal losses he experienced after filing his initial compassionate release motion. (ECF Nos. 414, 420, 423, 428.) The Government did not file any additional opposition.

## II. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One of the exceptions to this rule is contained in 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although often colloquially referred to as the "compassionate release" statute, section 3582(c)(1)(A) permits sentence reductions of any length, including immediate release. *See Reynolds v. United States*, No. 99-CR-520, 2022 WL 1444167, at *4 (E.D.N.Y. May 6, 2022); *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (explaining that "compassionate release" is a misnomer). Section 3582(c)(1)(A) allows courts to reduce a defendant's sentence upon motion of either the Director of the Federal Bureau of Prisons ("BOP") or the defendant. 18 U.S.C. § 3582(c)(1)(A). Additionally, under section 3582(c)(1)(A)(i), "after considering the factors set forth in [18 U.S.C. §] 3553(a)," a court may reduce the term of imprisonment for a defendant who has exhausted their administrative

remedies and demonstrated that extraordinary and compelling reasons warrant a sentence reduction. *Id.*

A "defendant's failure to exhaust administrative remedies is a threshold matter preventing the Court from considering a Section 3582 application." *United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020) (quotation marks omitted). To that end, a defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The "exhaustion requirement is a case processing rule, not a jurisdictional limitation." *United States v. Messina*, No. 11-CR-31, 2024 WL 2853119, at *4 (E.D.N.Y. June 4, 2024) (citing *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021)).

Where exhaustion is satisfied, a court may grant an application for compassionate release if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission (the "Sentencing Commission") lists examples of extraordinary and compelling reasons warranting sentence reductions. *See generally* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13(b) (U.S. Sent'g Comm'n 2023).

If the court finds that the defendant has not satisfied one of the requirements for compassionate release—exhaustion of administrative remedies, satisfaction of the section 3553(a) factors, or extraordinary and compelling reasons—it need not address all three of them. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam). Moreover, "district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction."

*United States v. Antney*, No. 17-CR-229, 2021 WL 4502478, at *1 (E.D.N.Y. Sep. 30, 2021) (citing *Brooker*, 976 F.3d at 237).

## III. Discussion

### A. Appointment of Counsel

Generally, "a defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the denial of such a motion." *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). In criminal matters, "the right to appointed counsel 'extends to the first appeal of right, and no further.'" *Starkes v. United States*, No. 20-CV-0265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). For a compassionate release motion, such as the one contemplated here, it is within the district court's discretion whether to appoint counsel. *See United States v. Hilliard*, No. 17-CR-35, 2021 WL 242538, at *2 n.1 (S.D.N.Y. Jan. 25, 2021).

In deciding whether to exercise discretion to appoint counsel in both criminal and civil matters, courts in the Second Circuit weigh factors set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1985). *See, e.g.*, *United States v. Piña*, No. 01-CR-619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021) (applying *Hodge* to determine motion for appointment of counsel). *Hodge* dictates that courts should first consider whether the movant's position seems likely to be of substance, *i.e.*, that his claims are likely to succeed on the merits. *See Hodge*, 802 F.2d at 61; *Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) (summary order) ("In considering a motion to appoint counsel, a district court should first determine whether the indigent's position is likely to be of substance." (cleaned up)); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203-04 (2d Cir. 2003) (quoting *Hodge* to reiterate that courts must first determine whether the movant is likely to succeed on the merits of the claim when determining whether appointment of counsel is warranted). If the movant's claim meets this threshold, courts should then consider other factors,

including the movant's ability to investigate the crucial facts and present the case, and the complexity of the legal issues involved. *See Hodge*, 802 F.2d at 61-62.

Considering the *Hodge* factors, this Court denies Gill's motion for appointment of counsel to litigate his sentencing reduction motion. As discussed below, Gill neither clearly demonstrates exhaustion of administrative remedies nor establishes "extraordinary and compelling" reasons warranting his early release from prison. *Cf. United States v. Myers*, 524 F. App'x 758, 759 (2d Cir. 2013) (summary order) ("In this case, where it was readily ascertainable from the record that Appellant was ineligible for a reduction in sentence, the court did not abuse its discretion by denying his motion for appointment of counsel." (quotation marks omitted)); *United States v. Lewis*, No. 17-CR-28, 2021 WL 790311, at *1 (W.D.N.Y. Mar. 2, 2021) (denying motion for appointment of counsel because defendant's underlying motion for compassionate release lacked merit); *Lopez-Pena v. United States*, No. 05-CR-191, 2020 WL 4450892, at *1 (S.D.N.Y. Aug. 3, 2020) (same). Gill therefore does not meet the threshold requirement that would require this Court to consider whether he satisfies other criteria for appointment of counsel.

Gill's motion for appointment of counsel in connection with his motion for compassionate release is also denied because Gill's moving papers, reply papers, and supplemental filings demonstrate that he can write clearly, understands the factual and legal arguments that are relevant to his motion, and has sufficient resources to handle the motion. (*See generally* Mot.; ECF Nos. 411, 414, 420, 423, 428.) Indeed, Gill's submissions coherently present the relevant legal standard for a motion for compassionate release and cite legal authority in support of his position. (*See* Mot. at 2-3.) This Court thus concludes that Gill is knowledgeable and capable of handling his motion for compassionate release. *Cf. Lenhard v.*

*Colographics of Rochester*, No. 15-CV-6166, 2016 WL 4661377, at *2 (W.D.N.Y. Sep. 6, 2016) (denying appointment of counsel where plaintiff was sufficiently knowledgeable and equipped to handle the litigation).

**B. Motion for a Sentence Reduction**

**1. Exhaustion of Administrative Remedies**

Section 3582(c)(1)(A) provides that a court "may not" modify a sentence unless, as relevant here, the defendant has first "fully exhausted all administrative rights" or waited thirty days after transmitting his request to the warden. 18 U.S.C. § 3582(c)(1)(A).

The record does not clearly indicate whether Gill exhausted all administrative rights, as statutorily required. In his motion for sentence reduction, Gill attaches both an undated handwritten letter (Mot. at 15-16) and an email dated October 4, 2023 (*id.* at 14), both of which were allegedly sent to the Associate Warden Office and requested the warden to bring a motion on Gill's behalf. However, the BOP has no record of receiving any request from Gill, raising the possibility that Gill did not go through "proper channels." (Gov't Mem. at 13.) Moreover, Gill does not attach any response from the BOP or the Associate Warden, which, according to the Government, "further indicat[es] that his request was not submitted appropriately." (*Id.*)

Because of the ambiguity surrounding Gill's satisfaction of the exhaustion requirement, the Court will consider the merits of Gill's arguments that extraordinary and compelling reasons warrant a sentence reduction.

**2. Extraordinary and Compelling Circumstances**

Gill argues that various extraordinary and compelling reasons justify a sentence reduction, including (1) his family circumstances; (2) the harsh conditions of his confinement; (3) his health conditions; and (4) his rehabilitation efforts. (*See generally* Mot.) For the reasons

discussed below, the Court concludes that Gill has not shown that extraordinary circumstances justify his early release.

**a. Family Circumstances**

U.S.S.G. § 1B1.13(b)(3)(C) states that "the incapacitation of the defendant's parent when the defendant would be the *only available caregiver* for the parent" can constitute an extraordinary and compelling reason warranting a sentence reduction. U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added). Gill argues that the health conditions of his paternal grandmother and his mother satisfy this standard. (Mot. at 3-5.) Gill, however, does not provide the Court with any documentation indicating that either family member requires a caretaker. (*See generally id.*) *See United States v. Lindsey*, No. 13-CR-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established." (quotation marks omitted)); *cf. United States v. Hasanoff*, No. 10-CR-162, 2020 WL 6285308, at *3 (S.D.N.Y. Oct. 27, 2020) (citing defendant's "thorough set of filings, which include affidavits, letters, and medical records" to demonstrate his mother's requirement for home care and that the defendant has become the only available caregiver).

Even setting aside that evidentiary deficiency, Gill's motion independently fails because he cannot establish that he is the only available caregiver. Indeed, Gill mentions that his aunt "aids with his grandmother's care." (Mot. at 4.) Gill's assertion that he is the "most suitable person to provide adequate care for his grandmother" (*id.* at 4), though perhaps true, does not meet the requisite standard, which demands necessity rather than suitability. His claim regarding his mother fares no better. Gill asserts that she requires a caretaker due to her chronic ailments

and post-traumatic stress disorder (*id*. at 5), yet he simultaneously describes her as "shouldering full responsibilities" for her own mother and overseeing the daily operations of Gill's two businesses (*id*.; *see also* ECF No. 420 at 8.) These representations cannot be reconciled with Gill's assertion that his mother is incapacitated and requires him to provide care. The Government further identifies several family members who are available to assist in caregiving, including his partner, aunt, and brother.[1] (Gov't Mem. at 13.)

Gill's supplemental filings cite the deaths of his stepfather and uncle as further justification for a sentence reduction. (ECF No. 414 at 1.) The Sentencing Commission, however, has recognized only the death of a caregiver to the defendant's minor child as extraordinary and compelling—not the loss of family members generally. *See* U.S.S.G. § 1B1.13(b)(3)(A). These deaths in Gill's family, though tragic, do not fall within any category that authorizes relief under 18 U.S.C. § 3582.

Although the Court sympathizes with the health struggles and recent losses suffered by Gill's family, "§ 3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly extraordinary and compelling, and not merely the inevitable circumstances families face when a family member is incarcerated." *See United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 9, 2020) (quotation marks omitted). Gill fails to provide sufficient evidence of family circumstances warranting earlier release. His motion on this ground is therefore denied.

[1] Gill contends in his reply that his brother cannot serve as a caregiver due to his Texas residence. (ECF 413 at 4.) This is not dispositive, as other family members remain available to fulfill that role.

**b. Conditions of Confinement**

Gill next contends that his conditions of confinement during the pandemic warrant a sentencing reduction. (Mot. at 6.) The Court acknowledges that conditions of confinement during the COVID-19 pandemic were harsh on inmates. However, Gill's detention under severe pandemic conditions was already taken into consideration during the imposition of his below-Guidelines sentence. (ECF No. 390 at 25:3-15.) Moreover, "these harsher conditions of confinement are not unique to the defendant" and are not an "extraordinary" reason under § 3582(c)(1)(A)(i). *See United States v. Ramirez*, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021). Although recent amendments to § 1B1.13 state that "an ongoing outbreak of infectious disease" can sometimes serve as an extraordinary and compelling reason for sentence reduction, Gill's situation does not meet any of the three requirements—his facility is not currently affected or at imminent risk of being affected, he is not at increased risk of severe medical complications due to exposure, and he does not have a risk that cannot be mitigated in a timely manner. *See* U.S.S.G. § 1B1.13(b)(1)(D).

Gill also points to "one issue in particular" involving his cellmate, who frequently suffers from seizures and whom medical staff have allegedly instructed Gill to monitor and assist. (ECF No. 414 at 2.) Gill contends that this caretaking responsibility has had a "significant and adverse effect" on his mental health and constitutes an extraordinary and compelling reason to modify his sentence. (*Id.*) Once again, the Court is not unsympathetic to the burdens of prison life. However, the Court is unaware of any authority—in this circuit or any other—recognizing a cellmate's medical condition as an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A)(i). Accordingly, this argument fails.

### c. Health Conditions

Gill also contends that he is dealing with several medical issues—sciatic nerve damage, acromioclavicular separation in his left shoulder, and asthma—that he claims are "serious enough to warrant consideration under § 3582(c)(1)(A)." (Mot. at 6-8.) Under U.S.S.G. § 1B1.13, extraordinary and compelling reasons exist when "[t]he defendant is . . . suffering from a serious physical or medical condition[] . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). The defendant must also demonstrate that the necessary care "is not being provided [by the prison]." *Id.* § 1B1.13(b)(1)(C).

The Presentence Report prepared for the Court at sentencing noted Gill's back pain and asthma, stating that, "[p]er Gill, he was prescribed Percocet" for his back pain and that he uses an inhaler for asthma. (PSR ¶¶ 109-12.) Gill offers no indication that these conditions have since worsened or changed. *Cf. United States v. Miller*, No. 20-CR-216, 2026 WL 1257331, at *3 (E.D.N.Y. May 7, 2026). Moreover, BOP medical records provided by the Government confirm that the prison has continued supplying Gill with an inhaler and pain medication. (Gov't Mem. at 14 n.3.) Accordingly, Gill has not met his burden of showing that the prison is failing to provide the care his conditions require.

### d. Rehabilitation Efforts

Finally, Gill argues that his rehabilitation efforts warrant a sentence reduction. (Mot. at 10.) Notably, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a sentence reduction, but rehabilitation "while serving the sentence may be considered in combination with other circumstances." U.S.S.G. § 1B1.13(d). Gill has certainly

made commendable efforts toward rehabilitation and successful future reintegration into society. (*See* Mot. at 17-27; *see also* ECF No. 420 at 14-18; ECF No. 423 at 2; ECF No. 428 at 6.) Though impressive, his efforts do not rise to the level of an extraordinary and compelling circumstance. *See Hasanoff*, 2020 WL 6285308, at *5-6 (granting sentencing reduction in light of both the defendant's "striking and unique" efforts at rehabilitation, including a decade of programming leadership roles, and his family circumstances); *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311-13 (S.D.N.Y. 2020) (granting sentencing reduction in light of the defendant's health conditions and "overwhelming evidence of, not just rehabilitation, but transformation," as demonstrated by, among other things, his decades-long record of community service and twenty-seven letters from support staff). Moreover, Gill's rehabilitation may be considered only in conjunction with other circumstances, and he does not successfully demonstrate another extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13(d).

Because the Court concludes that Gill has not demonstrated extraordinary and compelling reasons warranting a sentence reduction, the Court does not consider whether Gill meets the other two requirements for compassionate release.

**IV. Conclusion**

For the foregoing reasons, Gill's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and motion for appointment of counsel are denied.

The Clerk of Court is directed to close the motions at Docket Numbers 410, 411, 414, 420, 423, and 428.

SO ORDERED.

Dated: July 9, 2026
New York, New York

J. PAUL OETKEN
United States District Judge